**GONG AN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5375–ag.

United States Court of Appeals, Second Circuit.

May 15, 2006.

Jim Li, New York, New York, for Petitioner.

Charles T. Miller, United States Attorney, Southern District of West Virginia, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Gong An Chen ("Chen") petitions for review of a September 2005 final order of removal of the Board of Immigration Appeals ("BIA") affirming and adopting the decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's factual and credibility findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

## A. Asylum

One–Year Bar Issue

█ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Moreover, courts are prohibited from reviewing any finding under INA § 208(a)(2), including a finding that an asylum applicant did not demonstrate by clear and convincing evidence that he filed an asylum application within one year of arrival in the United States. INA § 208(a)(3). Notwithstanding these provisions, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In this case, Chen challenges only the IJ's factual findings with respect to the filing date of his asylum application. Because this does not raise any constitutional claim or question of law, we are obliged to dismiss Chen's petition insofar as he contends that the IJ erred in denying his asylum application as untimely. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–56 (2d Cir.2006).

## B. Withholding of Removal and CAT Relief

█ Timeliness concerns do not pertain to petitioner's alternative grounds for seeking relief from removal. *See id.* at 156 (noting that "eligibility for withholding of removal is not subject to 8 U.S.C. § 1158(a)(2)(B)'s one-year ban," and thus must be considered regardless of the timeliness of petitioner's asylum request). A review of Chen's withholding of removal claim reveals that the IJ and BIA did not err in concluding that Chen failed to establish eligibility for withholding relief.

Neither Chen's testimony nor the evidence in the record establishes that there is a clear probability that if he were removed to China, he would be threatened on account of a legally protected ground. *See Melgar de Torres v. Reno,* 191 F.3d 307, 311–12 (2d Cir.1999). When asked what would happen upon his return to China, Chen stated only that he did not want to return to China because his wife had suffered in the past. The IJ, however, did not credit Chen's claim that his wife had been forcibly sterilized in China. Although it appears that the IJ erred in relying on an apparent inconsistency between Chen's hearing testimony and his asylum application regarding the number of individuals who took his wife to be sterilized, substantial evidence supports the IJ's adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d at 161; *see also Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). The IJ pointed to specific inconsistencies in Chen's testimony regarding the events and time-frame of his wife's alleged sterilization, matters material to Chen's persecution claim. Further, as the IJ correctly noted, Chen remained in China for approximately seven years, without incident, after his wife's alleged forced sterilization. This factor militates against a finding that it is more likely than not that Chen would suffer persecution if he were to return to China. Accordingly, the IJ and BIA correctly concluded that Chen was ineligible for withholding of removal.

Finally, because Chen failed to raise his CAT claim before this Court, this claim is waived, and is not considered by this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).